[J-111-2020][OAJC - Todd, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 8 WAP 2020 |
| | : | |
| Appellee | : | Appeal from the Superior Court |
| | : | entered on 11/19/19 at No. 1281 WDA |
| | : | 2018 affirming in part and reversing in |
| v. | : | part the judgment of sentence of the |
| | : | Court of Common Pleas of Allegheny |
| | : | County entered on 8/1/18 at No. CP- |
| | : | 02-CR-0008615-2017 |
| WAYLYNN MARIE HOWARD, | : | |
| | : | |
| Appellant | : | ARGUED: December 2, 2020 |

*CONCURRING OPINION*

**JUSTICE SAYLOR**

Initially, I agree that Mother's conduct was not "expressly criminalized," and that, generally, there are a "lack of clear laws [in this Commonwealth] pertaining to a parent's duty regarding the use of a car seat" in ride-sharing services. Opinion Announcing the Judgment of the Court at 20, fn. 23. Particularly given this uncertainty, I would implement the rule of lenity to find the endangerment statute did not apply to the conduct here -- a rule which, by its plain text, applies to all "penal provisions," including, as I continue to think, the endangerment statute. *See* 1 Pa.C.S. §1928(b)(1); *accord Commonwealth v. Lynn*, 631 Pa. 541 n.3, 114 A.3d 796, 829 n.3 (2015) (Saylor, J., dissenting) ("[A]ny suggestion that a particular criminal provision should be exempted from the general rule of strict construction is likely to lead to inconsistency and confusion."). Thus, I agree that Mother's conviction and judgment of sentence should be vacated, but I would arrive at

that result without recourse to the community-standards approach relied on in the lead opinion.